UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CYNTHIA D. DAVIS-KNOTTS,

Plaintiff,

v.

STATE OF CALIFORNIA,

Defendant.

Case No.  15-cv-01518-VC

**ORDER OF DISMISSAL**

Re: Dkt. No. 19

On May 26, 2015, the plaintiff filed an amended complaint, asserting claims against the State Compensation Insurance Fund ("SCIF") and the Department of Motor Vehicles ("DMV") for violations of the Americans with Disabilities Act, Genetic Information Nondiscrimination Act, and the Age Discrimination in Employment Act.  Docket No. 19.  The amended complaint alleges that the plaintiff suffered discrimination while working as a "Key Data Operator" during the 1990s, and that, after she left that position due to a carpal tunnel injury, the SCIF refused to rehire her into a different position.  The complaint also alleges that, at some point during this period, the plaintiff's supervisor refused to promote the plaintiff to a supervisor position she was qualified for, and instead promoted younger people.

The plaintiff's claims are subject to, at most, a three year statute of limitations, *see E.E.O.C. v. Local 350, Plumbers & Pipefitters*, 998 F.2d 641, 643 (9th Cir. 1992), *as amended* (July 6, 1993); *Brown v. Napa Valley Sch. Dist.*, No. C-11-5673 JCS, 2012 WL 1831539, at *8–9 (N.D. Cal. May 18, 2012).  Therefore, "it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of" her claims arising from SCIF's alleged discriminatory actions in the 1990s or early 2000s.  *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).[1]

---

[1] Moreover, the Age Discrimination in Employment Act only protects people over 40 years old. *See O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 312 (1996).  The plaintiff alleges that she is currently 53 years old, and therefore was not a member of the class of people protected by the Act until thirteen years ago.

United States District Court
Northern District of California

United States District Court
Northern District of California

The only allegations in the complaint that could potentially form the basis of a timely claim are: (1) the plaintiff's 2012 telephone call to her former supervisor Karen Shu; (2) a statement by the SCIF personnel department in 2014 that "SROA" workers who had lost their jobs most recently were given priority in hiring; and (3) the fact that the plaintiff was "[n]ever hired or reinstated or considered for employment" after applying for various positions in 2015, including a position with the DMV.  But the complaint does not include any details explaining why she believes that any of these actions were adverse employment actions taken because of the plaintiff's disability.  *See Braunling v. Countrywide Home Loans, Inc.*, 220 F.3d 1154, 1156–57 (9th Cir. 2000).  Nor do any of these allegations show that the plaintiff was qualified for hire in a position but was rejected in favor of a younger candidate of equal or lesser qualifications, *see Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 917 (9th Cir. 1996), or that the defendants refused to hire the plaintiff on the basis of genetic information or otherwise violated the Genetic Information Nondiscrimination Act.

Without any such details, the amended complaint fails to state a claim based on conduct that conceivably occurred during the applicable statute of limitations period.  Accordingly, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2).  In light of her *pro se* status, the plaintiff will be given a final chance to amend her complaint.  If the plaintiff elects to amend, she must do so no later than June 29, 2015.

**IT IS SO ORDERED.**

Dated:   May 29, 2015

_____
VINCE CHHABRIA
United States District Judge